FILED
CHARLOTTE, NC
MAR 3 2015
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:15 CR 47 |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| DAVID HOWELL PETRAEUS | ) | |
| | ) | |

NOW COMES the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, James P. Melendres, Trial Attorney, Jill Westmoreland Rose, Assistant United States Attorney, and Richard S. Scott, Trial Attorney, the defendant, David Howell Petraeus, and the defendant's counsel, David E. Kendall and Simon A Latcovich, and respectfully inform the Court that they have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. References to the United States herein shall mean the United States Attorney for the Western District of North Carolina.

### I. Plea

1. The defendant agrees to enter a voluntary plea of guilty to Count ONE as set forth in the Bill of Information, and admits to being in fact guilty as charged in Count ONE.

2. The defendant understands that each and every provision set forth below is a material term of the Plea Agreement. The defendant's failure to fully comply with any provision of the Plea Agreement, attempt to withdraw the guilty plea or violation of any federal, state, or local law, or any order of any court, including any condition of pre-trial or pre-sentence, or post-sentence release is a breach of the Plea Agreement. In addition to any other remedy available in law, the defendant's breach (i) will relieve the United States of its obligations under the Plea Agreement, but the defendant will not be relieved of the defendant's obligations or allowed to withdraw the guilty plea; (ii) may constitute the defendant's failure to accept responsibility under United States Sentencing Guideline ("U.S.S.G.") § 3E1.1; and (iii) will permit the United States to proceed on any dismissed, pending, superseding, or additional charges.

### II. Venue Waiver

3. The United States and the defendant agree and stipulate that this District is an appropriate venue for entry of a plea by the defendant to a Bill of Information charging a violation of 18 U.S.C. § 1924.

### III. Sentence

4. The defendant is aware that the statutory maximum sentence for Count ONE is as follows:

Count ONE: a violation of 18 U.S.C. § 1924; a maximum term of one year imprisonment, a $100,000 fine, or both, a special assessment of $25, and no more than 5 years of probation.

5. The defendant understands that a violation of any terms or conditions of supervised release, should it be imposed, may subject the defendant to an additional period of incarceration.

6. The defendant is aware that the Court: (a) will consider the advisory U.S.S.G. in determining the sentence; (b) has not yet determined the sentence and any estimate of the likely sentence is a prediction rather than a promise; (c) has the final discretion to impose any sentence up to the statutory maximum; and (d) is not bound by recommendations or agreements by the United States. Knowing this, the defendant understands that the defendant may not withdraw the plea as a result of the sentence imposed.

7. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the parties agree that they will jointly recommend that the Court make the following findings and conclusions as to the U.S.S.G:

    a. The offense level for the subject offense is as follows:

| | | |
|---|---|---|
| Base Offense Level: | 6 | [U.S.S.G. § 2X5.2] |
| Abuse of Position of Trust: | +2 | [U.S.S.G. § 3B1.3] |
| Obstruction of Justice | +2 | [U.S.S.G. § 3C1.1] |
| Acceptance of Responsibility | –2 | [U.S.S.G. § 3E1.1] |
| **Total Adjusted Offense Level** | **8** | |

    b. Unless otherwise set forth herein, the parties agree that they will make the above recommendations as to the adjusted offense level, and will recommend no other enhancements or reductions to the Court.

8. The United States agrees not to oppose the defendant's request that the defendant receive a non-custodial sentence.

9. The parties jointly recommend the imposition of a two-year term of probation.

10. The parties jointly recommend the imposition of a $40,000 fine.

11. The parties jointly waive the preparation of a Pre-Sentence Report. However, the defendant expressly acknowledges that the Court is not bound by this waiver and recommendation. The parties will inform the Court and the United States Probation Office of all facts pertinent to the sentencing process and will present any evidence requested by the Court.

12. The defendant agrees to the following with respect to financial disclosures, monetary penalties, forfeiture, and restitution:

    a. To make full payment of such fine as the Court may impose, within one week of the sentencing hearing. If such full payment is not made within one week of sentencing hearing, to make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.

    b. That monetary penalties imposed by the Court will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

### IV. Immunity from Further Prosecution in This District and Others

13. The United States will not bring any additional criminal charges against the defendant for the conduct outlined in the Factual Basis or for any other criminal offenses committed by the defendant which are known to the United States at the time of disposition.

### V. Procedure

14. The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Factual Basis filed with this Plea Agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Factual Basis, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of § 1B1.2(a) of the U.S.S.G. and Fed. R. Crim. P. 11(b)(3).

15. The defendant further stipulates that the Factual Basis may be used by the Court and the United States Probation Office without objection by the defendant to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a).

### VI. Waivers

16. The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty, has discussed these rights with defense counsel and knowingly and expressly waives any right to withdraw the plea once the Court has accepted it.

17. The defendant acknowledges that Fed. R. Crim. P. 11(f) and Fed. R. of Evid. 408 and 410 are rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions. The defendant knowingly and voluntarily waives these rights and

agrees that any statements made in the course of the defendant's guilty plea or this Plea Agreement (in part or in its entirety, at the sole discretion of the United States) will be admissible against the defendant for any purpose in any criminal or civil proceeding if the defendant fails to enter or attempts to withdraw the defendant's guilty plea, or in any post-conviction proceeding challenges the voluntary nature of the guilty plea.

18. The defendant agrees that by pleading guilty, the defendant is expressly waiving the right: (a) to be tried by a jury; (b) to be assisted by an attorney at trial; (c) to confront and cross-examine witnesses; and (d) not to be compelled to incriminate himself.

19. The defendant has discussed with his attorney: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a Plea Agreement; (2) whether there are potential issues relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability of entering into this Plea Agreement.

20. The defendant, in exchange for the concessions made by the United States in this Plea Agreement, waives all such rights to contest the conviction except for: (1) claims of ineffective assistance of counsel or (2) prosecutorial misconduct. The defendant also knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 or otherwise to appeal whatever sentence is imposed with the two exceptions set forth above. The defendant agrees that the United States preserves all its rights and duties as set forth in 18 U.S.C. § 3742(b).

21. The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

Case 3:15-cr-00047-RJC-DCK   Document 2   Filed 03/03/15   Page 4 of 5

## VII. Conclusion

22. This agreement is effective and binding once signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled by the Court.

23. There are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties.

SO AGREED:

_____  DATED: 2/23/2015
James P. Melendres, Trial Attorney

_____  DATED: Feb. 23, 2015
Jill Westmoreland Rose, Assistant United States Attorney

_____  DATED: 2/23/2015
Richard S. Scott, Trial Attorney

_____  DATED: Feb 23, 2015
David E. Kendall, Attorney for Defendant
Williams & Connolly LLP

_____  DATED: Feb. 23, 2015
Simon A. Latcovich, Attorney for Defendant
Williams & Connolly LLP

_____  DATED: 22 February 2015
David Howell Petraeus, Defendant

Revised January 2015

Page 5 of 5

Case 3:15-cr-00047-RJC-DCK   Document 2   Filed 03/03/15   Page 5 of 5